IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERN SMITH and SOLETTE SMITH,<br><br>    Plaintiffs,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY and DOES 1-100, inclusive,<br><br>    Defendants.<br>_____/ | No. C 05-01183 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND, AND VACATING HEARING** |

     Defendant USAA has filed a motion to dismiss and strike portions of plaintiffs' complaint. The Court takes these matters under submission without oral argument pursuant to Local Rule 7-1(b). Having carefully considered the papers submitted, the Court hereby PARTIALLY GRANTS and PARTIALLY DENIES the motion to dismiss with leave to amend, GRANTS the motion to strike, and VACATES the August 5, 2005 hearing date.

## BACKGROUND

     This case arises out of two automobile collisions, in March and April 2003. Plaintiff Kern Smith ("Mr. Smith") became disabled as a result of both collisions, and plaintiff Solette Smith ("Mrs. Smith") became disabled as a result of the second collision. Both plaintiffs filed claims for disability and medical costs based on these accidents pursuant to Mr. Smith's automobile and disability insurance policy with defendant USAA.[1] All of their claims were denied.

---

[1] According to the complaint, plaintiffs' policy provides wage earner disability benefits up to $2,000 per month for a disability resulting from an accident, for up to two years; essential services disability coverage of $45 per week for up to two years; and for medical bills arising from an auto

On February 22, 2005, plaintiffs filed a complaint in Alameda County Superior Court, alleging fraud, bad faith, intentional infliction of emotional distress, and breach of contract. Defendants removed the case to this Court on March 23, 2005 based on diversity jurisdiction.

Now before the Court is a motion to dismiss plaintiffs' fraud, bad faith, and emotional distress claims, and to strike plaintiffs' prayer for punitive damages.

**LEGAL STANDARD**

**1.    Motion to dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. Fed. R. Civ. P. 12(b)(6) (2004). See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in plaintiff's favor. See Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. See United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F. 3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**2.    Motion to strike**

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any

---

accident. The coverage applied to all insureds under the policy, including both plaintiffs. Compl. ¶ 2.

2

pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) motions serve the function of "avoid[ing] the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation and internal quotation omitted). Rule 12(f) motions are generally disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Colaprico v. Sun Microsystems, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

## DISCUSSION

**1. Motion to dismiss**

Defendant USAA moves to dismiss plaintiffs' claims for fraud, bad faith, and intentional infliction of emotional distress on grounds that the complaint does not allege sufficient facts for any of these claims.

**A. Fraud claim**

Defendant seeks dismissal of plaintiffs' claim for fraud on two grounds: (1) plaintiffs' fraud allegations are not pled with the particularity required under Fed. R. Civ. P. 9(b); and (2) these allegations are insufficient under California law because they simply restate the claim for breach of contract.

Under Federal Rule of Civil Procedure 9(b), a plaintiff must "state with particularity" "the circumstances constituting fraud." Statements "of the time, place and nature of the alleged fraudulent activities are sufficient"; "mere conclusory allegations of fraud" are not. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). Here, the complaint states that defendants "represented in the plain language of the policy" that they would pay benefits to plaintiffs, and that "[a]t that time, defendants knew said representations were false, in that they did not intend to pay benefits promptly or at all, and they intended to use frivolous excuses to deny and delay payment of benefits." Compl. ¶¶ 8-9. These allegations are not sufficiently detailed to meet Rule 9(b)'s requirements.

In addition, defendant argues that an action for fraud cannot be based on an allegation that an

3

insurer simply failed to provide coverage as represented. Defendant relies on Chase v. Blue Cross of Cal., 42 Cal. App. 4th 1142, 1155 (1996), Paulson v. State Farm Mut. Auto. Ins. Co., 867 F. Supp. 911 (C.D. Cal. 1994), and Maddux v. Philadelphia Life Ins. Co., 77 F. Supp. 2d 1123 (S.D. Cal. 1999), for this proposition. While it is true that a "mere denial of coverage will not suffice," see Paulson, 867 F. Supp. at 920, the key element of fraud is the allegation that the insurer did not intend to provide benefits at the time it made its representations. Id.[2] If plaintiffs here can plead the facts surrounding USAA's alleged misrepresentation with the requisite particularly, they will be able to state a fraud claim.

In their Opposition, plaintiffs argue that the allegation regarding defendant's use of a biased medical examiner suffices for both their fraud and bad faith allegations because defendant's medical examination was conducted by Dr. Aubrey Swartz. In Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998 (9th Cir. 2004), the Ninth Circuit affirmed the district court's finding of substantial evidence supporting a jury verdict of bad faith, where there was evidence of the insurer's continual reliance on Dr. Swartz. Plaintiffs argue that "[s]ince retaining Dr. Swartz sufficed to sustain the $5 million punitive damage verdict for misrepresentation and bad faith in Hangarter, against a disability insurer, it follows that his selection and use to examine plaintiffs suffices to support the pleading here in issue." Pls.' Opp'n at 1:24-27. This argument is unavailing. While the use of a biased physician might be one factual allegation establishing the fraud claim, plaintiffs have not alleged this fact as the basis for fraud in the complaint. They may attempt to do so in their amended complaint.

Defendant's motion is GRANTED, and plaintiffs' fraud claim is DISMISSED with leave to amend.

**B.   Bad faith claim**

Plaintiffs bring a claim for "bad faith," or a breach of the implied covenant of good faith and fair dealing. Under California law, all insurance contracts contain an implied covenant of good faith and fair dealing. An insurer may breach this covenant if it fails to properly investigate an insured's claim, or

---

[2] Plaintiffs also correctly point out that Chase did not involve fraud, and that Paulson and Maddux were decided on summary judgment, rather than at the pleading stage.

4

when it refuses to compensate an insured without proper cause. Denial of benefits alone does not demonstrate bad faith; the denial must be "unreasonable." Paulson, supra, 867 F. Supp. at 918 (citations omitted).

Plaintiffs claim that the "denials of the claims were not based upon appropriate medical evidence," and that defendants "used a physician known to them to be partial to the interests of defendants and not independent in order to create a supposedly 'independent' medical examination upon which to base their denial of the claims." Compl. ¶¶ 6, 13. According to defendant, this type of allegation is legally insufficient to establish this claim under Cardiner v. Provident Life & Acc. Ins. Co., 158 F. Supp. 2d 1088 (C.D. Cal. 2001), where the court granted summary judgment in favor of the insurer, finding that the evidence did not establish bias on the part of the examining physicians.

The Court finds Cardiner distinguishable because it involved a grant of summary judgment on the plaintiff's bad faith claim based on an insufficient factual showing of bias. In rejecting the plaintiff's bad faith claim, the Cardiner court did *not* hold that the plaintiff had failed to properly plead the cause of action. In addition, while it is true that a denial of benefits alone cannot support a bad faith claim, plaintiffs here allege that "[i]n denying the claims for benefits defendants unreasonably refused to evaluate Mr. and Mrs. Smith using proper medical specialists and medical evidence," and did so by retaining instead a biased medical examiner. Compl. ¶ 13. This allegation is sufficient for a bad faith claim, because plaintiffs have alleged unreasonable conduct by defendant in the decision to withhold benefits, in addition to the denial of coverage itself. This fact distinguishes this case from C&H Foods Co. v. Hartford Ins. Co., 163 Cal. App. 3d 1055, 1062 (1985), on which defendant also relies, and in which the plaintiffs alleged only that the insurer acted in bad faith by refusing to pay benefits and for failing to implement "reasonable standards for the prompt investigation and processing of claims."

Defendant's motion is DENIED as to the bad faith claim.

### C. Intentional infliction of emotional distress claim

Defendant contends that plaintiffs' emotional distress claim must be dismissed because they have not alleged any "outrageous" conduct. For a cause of action for emotional distress, an insured must plead acts "so extreme as to exceed all bounds of that usually tolerated in a civilized community."

5

Schlauch v. Hartford Acc. & Indem. Co., 146 Cal. App. 3d 926, 936 (1983).

Plaintiffs rely on Little v. Stuyvesant Life Ins. Co., 67 Cal. App. 3d 451 (1977) and Fletcher v. Western National Life Ins. Co., 10 Cal. App. 3d 376 (1970), to argue that the use of biased medical examinations can also support claims for intentional infliction of emotional distress. Those cases addressed a full evidentiary record after jury trials, however, and the allegations and evidence of outrageous conduct were significantly different than those alleged here. In Fletcher, the defendant insurer refused to pay benefits, accused the plaintiff of misrepresentation, demanded that the plaintiff return benefits already paid, and threatened litigation. In Little, the Court of Appeal found substantial evidence that the defendant intentionally ignored the overwhelming medical evidence of total disability, withheld that information from the physicians examining the plaintiff, and "sought only to justify its predetermined course of discontinuing disability benefits justly due to plaintiff under the policy." 67 Cal. App. 3d at 461-62.

Here, plaintiffs' allegations do not rise to this level. Plaintiffs allege that "defendants abused the claims adjusting process by insisting on defense medical examinations before an examiner known to be partial to defendants and not independent. Defendants were well aware that its insureds, at the time they made these claims, were in a precarious financial situation, since they were unable to work, and that the failure to provide the peace of mind and financial security which defendants promised in the policy, had a high likelihood of aggravating and contributing to injury and illness." Compl. ¶ 16. These allegations do not describe the outrageous conduct required for an emotional distress claim. Accordingly, this claim is DISMISSED with leave to amend.

**2.     Motion to strike**

Defendant moves to strike plaintiffs' request for punitive damages on grounds that they have failed to plead the "malice" required for recovery of such damages. A complaint praying for punitive damages must contain facts that a defendant acted with "oppression, fraud, or malice." Smith v. Superior Court, 10 Cal. App. 4th 1033, 1042 (1992). Defendant argues that, despite the claims for fraud and intentional infliction of emotional distress, plaintiffs have failed to make any factual allegations of malice.

6

The Court agrees that malice is inadequately alleged at present, and therefore, defendant's motion to strike is GRANTED. If plaintiffs file an amended complaint re-alleging the fraud and intentional infliction of emotional distress claims and successfully plead fraud with the requisite particularity, however, they may pray for punitive damages.

## CONCLUSION

For the foregoing reasons, and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART defendant's motion to dismiss and GRANTS defendant's motion to strike. Plaintiffs may file an amended complaint **on or before August 15, 2005.** The hearing on these motions, set for August 5, 2005, is hereby VACATED.

**IT IS SO ORDERED.**

Dated: August 2, 2005

SUSAN ILLSTON
United States District Judge